UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                                                            Criminal No. 22-cr-20215

v.                                                 Hon. Terrence G. Berg

Haitham Sami Bazzi,

       Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

Haitham Bazzi is sexually attracted to minors. Bazzi provided methamphetamine to a 16-year-old, then recorded the child performing sexually explicit activity. This was only one episode in a year-long "relationship" that Bazzi admitted to having with his victim. He committed this offense against the backdrop of his possession and distribution of child pornography. Bazzi is thus a producer and consumer in the vile market for child sexually abusive material.

Because of Bazzi's conduct and the gravity of the crime he committed, the United States asks the Court to sentence Bazzi to the 264 months in prison. Such a sentence would be "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18

1

U.S.C. § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008).

I.  Facts and Procedural History

    A.  Bazzi's Production of Child Pornography

On April 4, 2022, a Dearborn police detective received a report about an adult male who possessed child pornography. Police later determined this person to be Bazzi. The individual who made the report had met Bazzi on an online dating application. They communicated for several days before meeting at Bazzi's home.

On April 1, 2022, the individual met Bazzi at Bazzi's house and they engaged in a sexual act. During the encounter Bazzi told the individual, "I have a little cousin, I'd love to see you fuck him". Then, on April 4, 2022, they met again at Bazzi's home. During this meeting, the individual ended up looking at pictures on Bazzi's phone. These pictures included children being sexually penetrated and engaging in sexually explicit conduct. The individual noticed that several photos seemed to depict the same child. When he asked the adult male if that was his cousin, Bazzi responded: "No, I wish. I can get him high and then I would love to see you forcibly rape him."

On April 4, 2022, the Dearborn detective obtained a search warrant for Bazzi's residence and served it that evening. Bazzi was in the basement of the home and arrested on an outstanding warrant. Bazzi was advised of his *Miranda* rights and then consented to an interview. Bazzi then told the detective that he had obtained child pornography through group chats on Telegram, KIK, and Mega.

In addition to seizing numerous devices, officers also recovered .2 grams of suspected methamphetamine and suspected GHB. The seized devices were forensically examined and law enforcement discovered 48 videos that meet the definition of child pornography along with approximately 17 videos that may be child pornography depending on the age of the individuals depicted. Several videos showed rape of prepubescent children.

The Dearborn detective located one video was created on March 27, 2022, and appeared to depict a teenaged minor along with Bazzi in Bazzi's basement bedroom. In the video, the male is situated between Bazzi's legs. Bazzi provides a glass pipe containing suspected methamphetamine to the male and then lights it for him. The male takes a puff of the pipe and then performs oral sex on Bazzi.

At first, Bazzi denied after sexually touching a child. However, on April 7, 2022, detectives interviewed Bazzi in preparation for a polygraph exam. During that interview Bazzi admitted to sexual contact with a 16-year-old (MV1). Bazzi met MV1 in the summer of 2021 through an internet application. Bazzi admitted that he had recorded the two engaged in sexual activity, and that he had provided methamphetamine to MV1 to smoke while they engaged in sex. Detectives were subsequently able to identify MV1, a resident of the Eastern District of Michigan who was born in 2005.

### B. Indictment and Plea

On April 7, 2022, a criminal complaint was filed charging Bazzi with crimes related to the production, receipt, and possession of child pornography; Bazzi was detained pending trial. PSR ¶¶ 1, 3. On April 20, 2022, a grand jury returned an indictment charging Bazzi with the sexual exploitation of children (Count 1), in violation of 18 U.S.C. §§ 2251(a), (e); receipt of child pornography (Count 2), in violation of 18 U.S.C. § 2252A(a)(2); and Possession of Child Pornography (Count 3), in violation of 18 U.S.C. §§ 2252A(a)(5). PSR ¶ 4.

On November 16, 2023, Bazzi pleaded guilty with a Rule 11 agreement to Count 1 of the indictment. PSR ¶ 7. The Rule 11 agreement

provided that the remaining counts of the indictment would be dismissed if the Court accepted the agreement and imposed sentence consistent with its terms. As part of the Rule 11 agreement, the United States agreed to recommend that Bazzi's sentence of imprisonment not exceed the midpoint of this guideline range as determined by the Court. *Id.*

## II. Relevant 18 U.S.C. § 3553(a) Factors

### A. The Sentencing Guidelines Range

The United States Probation Office calculated Bazzi's criminal history category to be I and total offense level to be 38, resulting in a sentencing guideline range of 235 to 293 months. PSR ¶ 71. Neither party objected to that calculation.

Considering the above, and because an analysis of the relevant 18 U.S.C. § 3553(a) factors so dictates, the United States asks the Court to sentence Bazzi to 264 months imprisonment.

### B. Nature and circumstances of the offense and history and characteristics of Bazzi, 18 U.S.C. § 3553(a)(1)

Bazzi is among the most culpable of offenders as both a producer and consumer of child sexually abusive material. Bazzi provided extremely dangerous drugs to a teenager then recorded sexual acts; he engaged in this relationship for approximately one year, which likely

5

included periods of time where MV1 was 15 years old. Bazzi admitted to having sex with MV1 four times at his home and once in apartment with another individual. He also possessed and shared images of child pornography. This is all to say nothing of the type of child pornography Bazzi possessed – videos of very young children being penetrated by adult men. Further, in his conversations with the person who reported him to police, Bazzi made several references to his desire to see that individual "forcibly rape" a child.

    The enduring mental, physical, and emotional trauma suffered by the children exploited by Bazzi is difficult to adequately describe. Part of what makes the nature and circumstances of Bazzi's offenses so terrible, and why his offense conduct warrants a 264-month sentence, is that his victims – both MV1 and the children whose rapes were recorded and put on the internet for Bazzi to enjoy – will have to relive their abuse every day for the rest of their lives. There is no escaping what Bazzi did to them; no real ability to fully heal and be made whole again. MV1 will have to go through life carrying the trauma of Bazzi's exploitation of him. It will affect personal relationships, familial relationships, and untold other aspects of his life. MV1 will continue to grow and become far more than what happened to him, but he will bear the emotional and mental scars

forever.

Even though Bazzi had a difficult and tragic childhood, his substance abuse issues are a characteristic that weigh in favor of a lengthy sentence of incarceration. Bazzi began using cocaine when he was 15 years old and used until he was 20 years old. He also began using methamphetamine in his late teens or early 20's. This use continued through his arrest, with Bazzi using large quantities of the substance in "all day binges." Bazzi reported being introduced to methamphetamine by a male he met online and that his use was initially limited to sexual encounters. Bazzi used this same tragic strategy to victimize MV1. Bazzi's severe substance abuse problem thus makes him a danger to himself and enhances the severity of the nature and circumstances of the instant offense.

To acknowledge all these factors, Bazzi's history and characteristics and the nature and circumstances of his offense call for a 264-month sentence.

### C. Seriousness of the Offense, Adequate Deterrence, and Protecting the Public, 18 U.S.C. § 3553(a)(2)(B) and (C)

Bazzi committed one of the most serious crimes recognized in the law. He victimized multiple children by his unlawful and egregious

conduct. His sentence for this offense should reflect the seriousness of his crimes and the most effective way to do that is for this Court to impose a 264-month sentence.

Generally, child pornography crimes result in victims being repeatedly exploited, by a variety of different offenders, in perpetuity. As Congress found, "child pornography permanently records the victim's abuse, and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years." Child Pornography Prevention Act of 1996, Pub.L. No. 104-208, § 121, 110 Stat. 3009, 3009-27 (1996).

Beyond re-victimizing the children depicted in the videos and images of child pornography, these crimes also "inflames the desires of . . . pedophiles . . . who prey on children, thereby increasing the creation of and distribution of child pornography and the sexual abuse and exploitation of actual children who are victimized as a result of the existence and use of these materials." *Id.* This is especially true in Bazzi's case where he personally exploited a minor, but he also participated in, and further perpetuated, the market for child pornography.

Bazzi's sexual exploitation of a minor while collecting and distribution child pornography is another reason why the Court should

impose a sentence at the midpoint of Bazzi's guidelines. Bazzi's demonstrated sexual interest in children makes him a danger to the public. While the victim in Bazzi's case was 16 years old at the time Bazzi exploited him, Bazzi has shown a sexual interest in children through the material he possessed and admitted sexual relationship with someone under the age of 18. He also expressed a desire, both verbally and by the type of child sexually abusive material he possessed, to see children raped. In a study of admitted child molesters in the late 1980's, researchers asked the 232 participants about how many total offenses they committed. In total, these child molesters admitted committing over 55,000 attempted assaults on 17,000 victims, reporting that they were successful approximately 38,000 times. Salter, Anna, Predators-Pedophiles, Rapists, and Other Sex Offenders, pg. 11. All these acts from only 232 men. Had Bazzi not been apprehended, it is likely that he would have exploited other minors in the same way that he victimized MV1.

  Moreover, Bazzi's sentence in this case must serve a two-fold deterrence purpose. The Court must impose a sentence that will deter Bazzi from committing any more of these offenses. But his sentence should also serve to deter others who seek to engage in the same behavior. A 264-month custodial sentence would reflect the seriousness of this

offense, provide just punishment, and protect the public from Bazzi's future crimes.

## III. Conclusion

For the above-stated reasons, the United States requests a 264-month sentence, to be followed by five years of supervised release.

Respectfully Submitted,

DAWN N. ISON
United States Attorney

*s/Tara Mathena Hindelang*
TARA MATHENA HINDELANG
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9543
tara.hindelang@usdoj.gov

Dated:  March 15, 2024

## Certificate of Service

I certify that on March 14, 2024, I electronically filed the foregoing document with the Clerk of the Court of the Eastern District of Michigan using the CM/ECF system, which will send notification to all counsel of record via email.

*s/Tara Mathena Hindelang*
TARA MATHENA HINDELANG
Assistant United States Attorney
